IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMM GRANDVIEW, LLC, a Nebraska Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania Company; and WESTGUARD INSURANCE COMPANY, a Pennsylvania company;<br><br>Defendants. | 8:20CV197<br><br>ORDER |

Yet again, the court has held a telephone conference regarding Plaintiff's battle to obtain clearly relevant discovery from the defendants. Despite those efforts, the discovery saga continues. Simply stated, Defendants have adopted an obstreperous posture toward timely completing discovery, and a cavalier attitude toward my discovery instructions and orders. That stops now.

My March 23, 2021 discovery order, (Filing No. 58), required AmGUARD to provide discovery responses by May 7, 2021. That deadline was extended by 10 days with Plaintiff's consent. Still, the discovery was not served. As of today, four weeks following the court-ordered deadline, AmGUARD's court-ordered discovery has not been served. AmGUARD now claims it can fully respond by June 9, 2021. I will give it until June 11, 2021.

Meanwhile, Westguard has not promptly responded to written discovery either. It now faces a June 15, 2021, extended at the courtesy of Plaintiff's counsel, to provide discovery responses. Plaintiff is justifiably concerned that it will receive nothing, or nothing but objections, by the June 15, 2021 deadline.

And while it awaits written discovery responses, Plaintiff cannot prepare for scheduled depositions or otherwise prepare this case.

Defendants are reminded that under the facts presented, as to AmGUARD, Rule 37 of the Federal Rules of Civil Procedure permits the court to impose sanctions which include not only attorney fees, but also orders designating certain facts as true; prohibiting AmGUARD from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking its Answer or allegations within it; entering a default judgment against AmGuard; or finding AmGUARD, including the person responsible for failing to timely comply with the discovery order on its behalf, in contempt of court. Fed.R.Civ.P. 37(b)(2).

As to Westguard, if Plaintiff must file a motion to compel to timely obtain requested discovery to which it is entitled, "the court <u>must</u>, after giving an opportunity to be heard, require [Westguard], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless Plaintiff fails to engage in good faith discussions with Westguard before filing a motion to compel, Westguard's failure to produce the requested discovery substantially justified, there are other circumstances which would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

IT IS ORDERED:

1) As to both Defendants, a pre-dispute conference with the court is not required before Plaintiff files any motion for discovery sanctions.

2) The discovery deadline within my March 23, 2021 order is extended to June 11, 2021. It will not be further extended. AmGuard shall fully comply with the common sense meaning and stated purpose of the order, and such compliance must be full, complete, and nonevasive.

3) Westguard's written discovery responses shall be served on or before June 15, 2021. That deadline cannot be extended by agreement of the parties; any extension must be granted by order of the undersigned magistrate judge upon a <u>substantial</u> showing of good cause.

Dated this 3rd day of June, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge