IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMM GRANDVIEW, LLC, a Nebraska
Limited Liability Company;

               Plaintiff,

   vs.

AMGUARD INSURANCE COMPANY, a
Pennsylvania Company; and
WESTGUARD INSURANCE COMPANY,
a Pennsylvania company;

               Defendants.

**8:20CV197**

**MEMORANDUM AND ORDER**

This case is before the court on the motion for sanctions filed by Plaintiff Timm Grandview, LLC. (hereinafter "Grandview" or "Plaintiff"). (Filing No. 84). Plaintiff claims that Defendant AmGUARD Insurance Company (hereinafter "AmGUARD") obstructed the discovery process by failing to comply with the court's progression order and discovery orders.

As a sanction, Plaintiff requests the court impose the following sanctions: order AmGUARD's answer be stricken; order that AmGUARD's liability be admitted; award attorney fees and costs to Plaintiff; and order any further relief as is just. The court has considered the parties' briefing and evidence. The motion will be granted in part as outlined below.

BACKGROUND

On August 19, 2017, a significant hailstorm passed through Kearney, Nebraska, causing damage to two apartment buildings owned by Plaintiff. (Filing No. 11 at CM/ECF p. 8, ¶ 14). One complex is located at 1319 East 45th Street;

the other is located at 4010 Avenue R, ("the Subject Properties"). When Plaintiff discovered the damage, it notified AmGUARD, who, at all relevant times, provided property insurance to Plaintiff for the Subject Properties. (Filing No. 1-1 at CM/ECF p. 7-8, ¶¶ 11, 15).

AmGUARD then opened claims and began an investigation into the nature and extent of the hail damage. After conducting its investigation, AmGUARD issued payment for covered damages as to both Subject Properties. However, Plaintiff contends that AmGUARD inappropriately prolonged its investigation for more than a year, and then "grossly underpaid" Plaintiff for those covered damages. (Filing No. 40 at CM/ECF p. 2).  On December 16, 2019, Plaintiff filed the instant action. This court entered progression deadlines, (Filing No. 19), and the parties began discovery. Plaintiff served its First Set of Discovery Requests to AmGUARD on August 5, 2020. (Filing No. 40 at CM/ECF p. 2). On September 9, 2020, AmGUARD submitted its Answers to Plaintiff's Interrogatories and its Responses to Plaintiff's Requests for Admissions. (Filing Nos. 41-4 and 41-5). Plaintiff's counsel agreed to extend AmGUARD's deadline for responding to Plaintiff's Requests for Production, and AmGUARD ultimately provided its Responses on October 5, 2020. (Filing No. 41-6).

A dispute related to the foregoing discovery arose, and the court issued an order compelling supplemental responses from AmGUARD on March 23, 2021 ("the March 23, 2021 Order"). AmGUARD was ordered to make the required supplemental responses and related production of documents by no later than May 7, 2021. (Filing No. 58 at CM/ECF p. 27). On May 5, 2021, AmGUARD requested a three-week extension by email to the court. On May 13, 2021, the Court entered an Amended Progression Order, which extended the deadline for AmGUARD "to provide the supplemental production ordered in Filing No. 58" to May 21, 2021.

(Filing No. 73 at CM/ECF p. 1). The supplemental production was not completed by May 21, 2021.

Plaintiff requested a discovery conference with the Court on May 25, 2021, and the conference was held on June 3, 2021. (Filing No. 77 (audio file)).  As of June 3, 2021, AmGUARD had not supplemented its responses to the disputed written discovery or made a supplemental production of documents consistent with the March 23, 2021 Order. Following the discovery conference, the court extended the discovery deadline in the March 23, 2021 Order to June 11, 2021 and ordered AmGUARD to "comply with the common sense meaning and stated purpose of the order, and such compliance must be full, complete, and nonevasive." (Filing No. 78).

AmGUARD produced supplemental responses and related documents on June 11, 2021, with an additional production provided to Plaintiff on June 15, 2021. However, upon review, Plaintiff claims that AmGUARD failed to fully comply as ordered in the March 23, 2021 Order. Specifically, Plaintiff claims that there are eight categories of documents that AmGUARD has improperly failed to provide. Below is a description of each category and AmGUARD's response to production status of each:

1. Screenshots and/or print-outs of the Diaries Tabs, Plan of Action Tabs, and the General Information Tabs, relating to Plaintiff's claims, which William Ardoline, the primary claims adjuster, testified on March 24, 2021 are part of the electronic claim file (as AmGUARD defines that term) in AmGUARD's and/or WestGUARD's IIS system and are thus responsive to Request for Production No. 3 (Filing No. 85 at CM/ECF p. 3)

   AmGUARD Response: AmGUARD will produce documents representing the contents of the tabs, but cannot produce screenshots from the program due to proprietary, copyright, and

trademark issues with the IIS program. (Filing No. 92 at CM/ECF p. 6)

2. Reserve history for the Avenue R Property generated prior to September 4, 2019, which is responsive to Request for Production No. 11 (Filing No. 85 at CM/ECF p. 3).

   AmGUARD Response: The reserve history for the Avenue R property is in Counsel's possession and will be produced. (Filing No. 92 at CM/ECF p. 6).

3. Applications for insurance, which are responsive to Request for Production No. 35 (Filing No. 85 at CM/ECF p. 3).

   AmGUARD Response: The entire underwriting file has been produced, and no applications exist in these files. Plaintiff did not complete an application and Counsel was advised of this on July 6, 2021. AmGUARD will supplement its discovery responses accordingly. (Filing No. 92 at CM/ECF pp. 6-7).

4. Underwriting Rating Detail and Underwriting Coverages/Locations screens for the Avenue R property like those produced for the East 45th Street Property at AG 005895-AG005904, which are responsive to Request for Production No. 4 (Filing No. 85 at CM/ECF p. 3)

   AmGUARD Response: Counsel is checking to see if such documents exist and if they do, they will be produced. (Filing No. 92 at CM/ECF p. 7).

5. Underwriting Rating Detail screen showing information for building numbers 005, 006, 007, 008, 009, 010, 011, 012, 013, 014, 015, 016, 017, 018, and 019 and Underwriting Coverages/Locations screens for building numbers 002, 003, 004, 005, 006, 007, 008, 009, 010, 011, 012, 013, 014, 015, 016, 017, and 018 at the East 45th Property, which were insured by the subject policy [Doc. 65-1, East 45th Street Policy at 1-20]. The information contained on those screens is responsive to Request for Production No. 4. (Filing No. 85 at CM/ECF pp. 3-4)

   AmGUARD Response: Counsel is checking to see if such documents exist and if they do, they will be produced. (Filing No. 92 at CM/ECF p. 7).

6. Claim audit forms specific to claims adjuster William Ardoline and his supervisor, Nona Loftus, which form part of the bases for their interim and annual reviews and are responsive to Request for Production No. 30[1] and, depending upon where AmGUARD stores these documents, Request for Production Nos. 28 & 29. (Filing No. 85 at CM/ECF p. 4).

AmGUARD Response: Audit forms are not part of an employee's personnel files. "The Court did not address Plaintiff's request for production No. 30, which purportedly covers the claims audit forms. AmGUARD otherwise completely complied with the Court's Order regarding production of the personnel files of Ardoline and Loftus." (Filing No. 92 at CM/ECF p. 7).

7. Amounts of money paid to Engle Martin and/or Rimkus between January 1, 2017 and April 29, 2020 unrelated to a specific claim (i.e. for trainings conducted by Rimkus or Engle Martin for AmGUARD's claim adjusters), which is responsive to Requests for Production Nos. 21 and 24 (Filing No. 85 at CM/ECF p. 4)

AmGUARD Response: AmGUARD will supplement its discovery responses to reflect that it did not pay Rimkus or Engles Martin any monies to host any type of training seminars, webinars, etc.  (Filing No. 92 at CM/ECF p. 7).

8. Page 2 of Nona Loftus' Employee Information Form, which is responsive to Request for Production No. 29. (Filing No. 85 at CM/ECF p. 4). Plaintiff asserts there appear to have been redactions made which were not clearly marked

AmGUARD Response: AmGUARD is checking to see if such a page exists, and if it was omitted by a copying error. (Filing No. 92 at CM/ECF p. 7).

Additionally, AmGUARD produced a loss control report by York Risk Control relating to a visual inspection of the East 45th Street Property. Plaintiff asserts that

---

[1] REQUEST FOR PRODUCTION NO. 30:   All documents related to the measurements used in evaluating the performance of AmGUARD's employees handling first party property claims in Nebraska from October 2, 2018 to April 29, 2020, including incentive compensation and/or other bonus programs eligibility. (Filing No. 41-6 at CM/ECF p. 19).

if a similar report exists for the Avenue R property it is discoverable, and responsive to Request for Production No. 4.

ANALYSIS

I.      Authority to Sanction:

Plaintiff moves for sanctions based upon Federal Rule of Civil Procedure 37. Sanctions are meant to deter future sanctionable conduct, to reimburse the moving party for its reasonable expenditures related to the sanctionable conduct, and to control litigation and preserve the integrity of the judicial process. Vallejo v. Amgen, Inc., No. 8:14CV50, 2017 WL 3037391, at *3 (D. Neb. May 30, 2017), aff'd, 903 F.3d 733 (8th Cir. 2018).

Rule 37 of the Federal Rules of Civil Procedure allows the court to sanction a party that fails to comply with the court's discovery orders. Specifically  Fed. R. Civ. P. 37(b)(2)(A) provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37 (b)(2)(A) (emphasis added).

Instead of or in addition to the orders above, the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

## II.    Outstanding Production

Plaintiff's motion for sanctions identifies eight items or categories of discovery that are outstanding after AmGUARD's June 11, 2021 production and June 15, 2021 supplemental production. In response to Plaintiff's motion, defense counsel indicates his agreement that additional responses are required as to seven of the eight items, specifically numbers 1, 2, 3, 4, 5, 7, and 8, which the court had previously determined were discoverable. He reported that he had responsive discovery in his possession or he would seek it from his client, and that he would produce or supplement his responses to those items. To the extent that they have not already been provided to Plaintiff, they shall be produced without delay.

As to the sixth item on Plaintiff's list of outstanding discovery, Defendant asserts the Court did not address Plaintiff's request for production No. 30, "which purportedly covers the claims audit forms."  (Filing No. 92 at CM/ECF p. 7). In the

March 23, 2021 Order, RFP 30 is mentioned but the court mistakenly failed to make an explicit ruling as to that lone discovery request.  The court required limited production of the personnel files, requiring production of that information as it pertained to the involved-adjuster William Ardoline and his supervisor Nona Loftus, finding that incentives earned and disciplinary actions taken may be relevant to how the involved individuals handled the relevant claims. The court went on to note that "[t]he performance reviews, including eligibility for incentive payments, of those two individuals are likewise discoverable." (Filing No. 58 at CM/ECF p. 17).

While there was no specific ruling, the intention of the court is clear. The scope of RFP 30 includes claim audit forms as they relate to the evaluation of AmGUARD employee performance in handling first party property claims in Nebraska. Defendant shall fully respond to that request, as drafted. However, given the court's oversight and failure to explicitly mention RFP 30 when stating that the performance review and incentive payment eligibility documents were discoverable, the court finds that AmGUARD's failure to provide those documents, to date, is not currently sanctionable. AmGUARD shall provide the relevant documents now (limited to Ardoline and Loftus) but the failure to do so previously was not considered by the court in fashioning the sanctions award herein.

III.    Sanctionable Conduct

The focus of Plaintiff's motion is AmGUARD's failure to provide timely and complete discovery responses, even when ordered by the court. Plaintiff bases its motion for sanctions on the eight topics, which Defense Counsel claims have "largely been resolved through the cooperation of counsel." (Filing No. 92 at CM/ECF pp. 7-8). In its brief, dated July 16, 2021, AmGUARD acknowledged that there are outstanding discovery responses and pledged to provide supplemental discovery responses addressing the Plaintiff's requests and to produce any

additional documents which are responsive to requests 1-5, 7, and 8. (Id.) (see pages 3-5, above). Nonetheless, as July 23, 2021, the date of Plaintiff's reply brief as to this motion for sanctions, Defendant has failed to provide supplemental discovery responses and documents. (Filing No. 97). Therefore, Defendant AmGUARD was, and continues to be, in violation of this court's June 3, 2011 discovery order (Filing No. 78).

As noted above, and as is explicit in the Federal Rules, AmGUARD may be excused from sanctions, even in the face of its clear noncompliance with a discovery order, if its noncompliance is "substantially justified." Fed. R. Civ. P. 37(b)(2)(C). "Substantial justification exists where there is an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." Smith v. City of Omaha, 2014 WL 4161105, at *2 (D. Neb. Aug. 19, 2014) (citing Charles A. Wright, et al., Federal Practice and Procedure § 2288 (2d ed.1994)); see also Pierce v. Underwood, 487 U.S. 552, 565–66 (1988) (referring to Rule 37 Advisory Committee Notes to arrive at definition of "substantially justified" as where there exists genuine dispute or where reasonable people could differ as to appropriateness of particular conduct). "[C]ourts have generally focused on 'the quality of the justification and the genuineness of the dispute [and whether] an impartial observer would agree that a party had good reason to withhold discovery'" when evaluating substantial justification. Kilpatrick v. King, 2005 WL 2180097, at *2 (D. Neb. Sept. 7, 2005) (quoting Brown v. State of Iowa, 152 F.R.D. 168, 173 (S.D.Iowa 1993)).

Plaintiff argues AmGUARD's "obstruction of the discovery process" warrants sanctions. asserting AmGUARD has "taken advantage of every opportunity to delay the discovery process in this case, flouting the authority of the Court and frustrating Plaintiff's efforts to gather discoverable information necessary to resolve this case." (Filing No. 85 at CM/ECF p. 6). Plaintiff claims AmGUARD's actions

dating back to October 2020 resulted in a total of 146.1 hours of work, and almost $ 33,000 in attorney fees. (Filing No. 86-7, Filing No. 86-8, Filing No. 87-9). Plaintiff further alleges AmGUARD's deficient discovery responses delayed progression, preventing the "just, speedy, and inexpensive determination" of this action, thus they were not in alignment with Fed. R. Civ. P. 1.

AmGUARD argues, in essence, that it has complied with Plaintiff's discovery requests and believed that it had fully complied with this court's orders. AmGUARD argues that it missed deadlines set by this court, in part, due to Counsel's personal issues related to serious medical concerns of a close family member, as explained in his declaration. (Filing No. 94). Counsel argues that he has handled the Plaintiff's requests in good faith and made reasonable efforts to comply with all deadlines but extenuating factors existed which amounted to substantial justification for delay. (Filing No. 92 at CM/ECF p. 6). Counsel asserts that his actions were not intentional or fraudulent and did not arise from a desire to frustrate the court our opposing counsel with delays in discovery. (Filing No. 92 at CM/ECF p. 5). The court is sympathetic to Counsel's personal circumstances, but this is not the only explanation for the delay in this case. At least some of the delay from March 23, 2021 to June 11, 2021 can be attributed to either straightforward noncompliance or to representatives for Defendant parsing the court's language and interpreting what can and should be provided, even after being explicitly ordered to provide certain discovery. (See Filing No. 77 (audio file)). Therefore the court is not persuaded that sanctions are completely unwarranted, or that the imposition of sanctions under Rule 37 would be unjust under the circumstances.

IV.     Scope of Sanctions

Having determined that AmGUARD's failure to comply was not substantially justified and that the imposition of sanctions is not otherwise unjust, the court must

now consider the appropriate scope of the sanctions to be levied based upon that noncompliance.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). The Court must apply Rule 37 sanctions diligently. Empirical Foods, Inc. v. Primus Builders, Inc., No. 8:19CV457, 2021 WL 2322453, at *2 (D. Neb. June 7, 2021) (quoting Comiskey v. JFTJ Corp., 989 F.2d 1007, 1012 (8th Cir. 1993)). The sanctioning court must "make an effort to isolate the additional costs and fees incurred," but "the task is inherently difficult, and precision is not required." Vallejo v. Amgen, Inc., No. 8:14CV50, 2017 WL 3037391, at *5 (D. Neb. May 30, 2017), aff'd, 903 F.3d 733 (8th Cir. 2018) (citing Lee v. First Lenders Ins. Services, Inc., 236 F.3d 443 at 446 (8th Cir. 2001).

Notwithstanding the obvious delay in the completion of discovery, the record shows that multiple discovery extensions, up to June 11, 2021, were granted with Plaintiff's consent. The court stated that no extensions would be granted beyond June 11, 2021, and indeed no further extensions were given. (Filing No. 78). The court will order attorney fees and expenses from June 11, 2021 to include counsel's time for: preparing and briefing the instant motion; reviewing Defendant's discovery production to confirm compliance with the court's previous orders; reviewing Defendant's briefing on the instant motion; and, participating in any meet and confers related to the outstanding discovery from June 11, 2021 to the present. This award represents the period outside of the discovery deadline, when compliance was ordered and expected, but discovery was not provided.

In addition to attorney fees and costs, Plaintiff requests that Defendant AmGUARD's answer be stricken, and the court find Defendant's liability be admitted. The most severe sanctions are reserved for those litigants demonstrating

" 'blatant disregard of the Court's orders and discovery rules' [and] engaging in a pattern of deceit by presenting false and misleading answers and testimony under oath in order to prevent their opponent from fairly presenting its case." Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc., No. 8:10CV365, 2012 WL 1852048, at *14 (D. Neb. May 18, 2012) quoting Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir.1999). "The choice of sanction should be guided by the 'concept of proportionality' between offense and sanction." Drummer v. Corizon, LLC, No. 4:16-CV-01170-AGF, 2019 WL 3803469, at *3 (E.D. Mo. Aug. 13, 2019) (citing HM Compounding Servs., LLC v. Express Scripts, Inc., 349 F. Supp. 3d 794, 800 (E.D. Mo. 2018)). In HM Compounding, the court struck plaintiff's expert's opinion and awarded costs for the motion for sanctions where the plaintiff engaged in "gross misconduct." In that case, the plaintiff failed to comply with court orders and made false declarations and misrepresentations to opposing counsel, a Special Master, and the Court "with a clear, reckless disregard for the truth of the matters." (Id)

Plaintiff asserts that certain discovery responses were incomplete. It is evident that defense counsel made an effort to comply with the court's orders, and defense counsel asserts that at the time of production, he believed Defendant had fully complied with this court's orders. (Filing No. 92 at CM/ECF p. 6). Nonetheless, in briefing this motion, the parties seemingly agree that Defendant AmGUARD's production has fallen short and supplemental production is necessary. As previously discussed, sanctions are warranted under the circumstances, but striking Defendant's answer and ordering the admission of liability is not justified.[2]

Accordingly,

---

[2] I note, however, that AmGuard has nearly crossed the line toward harsher sanctions. As I have previously warned orally, the court's patience with AmGuard's attitude toward discovery and this court's orders is at an end. Plaintiff alleges AmGuard purposefully delayed payments owed under its policies so it could profit from retaining those funds. The discovery delays in this case could be construed as consistent with that allegation, and if they continue, the court may well impose a sanction deeming that allegation admitted.

IT IS ORDERED:

1) Plaintiff Timm Grandview, LLC's Motion for Sanctions is granted in part, as set forth herein. (Filing No. 84).

2) Plaintiff is entitled to reimbursement for attorney fees and expenses incurred on or after June 11, 2021 related to: preparing and briefing the motion for sanctions, reviewing produced discovery materials for compliance with this court's orders; and, participating in meet and confer conferences with opposing related to the outstanding discovery.

3) Defendant AmGUARD shall produce the documents which are fully responsive to the eight categories of documents identified in Plaintiff's brief by no later than August 16, 2021.

4) On or before August 27, 2021 Plaintiff shall submit an itemized billing statement of their fees to Defendant.

5) Defendant AmGUARD's counsel shall respond to this itemization within ten days thereafter.

6) If the parties agree as to the amount to be awarded, on or before September 16, 2021, they shall file a joint stipulation for entry of an order awarding costs and fees to Plaintiff.

7) If the parties do not agree on the attorney fees and costs to be awarded, Plaintiff shall file a motion for assessment of attorney fees and costs by no later than September 27, 2021. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

8) If an application of fees is required, the court may award Plaintiff up to an additional $1,500.00 to recover the cost of preparing an application for assessment of fees.

Dated this 9th day of August, 2021.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge