IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMM GRANDVIEW, LLC, a Nebraska Limited Liability Company; | **8:20CV197** |
| Plaintiff, | |
| vs. | **ORDER** |
| AMGUARD INSURANCE COMPANY, a Pennsylvania Company; and WESTGUARD INSURANCE COMPANY, a Pennsylvania company; | |
| Defendants. | |

This case is before the court on Plaintiff's motion to compel additional discovery responses (Filing No. 104) from Defendant WestGUARD Insurance Company ("WestGUARD"). Plaintiff requests supplemental responses to its Requests for Production Nos. 9, 10, 18, 30-31 and 34. (Filing No. 105 at CM/ECF p. 5).

For the reasons outlined below, Plaintiff's motion is granted, in part, and denied as moot, in part.

DISCUSSION

Each discovery request at issue is discussed, in turn, below.

I.   Request Nos. 9 and 30-31

The parties have represented to the court that their dispute related to Request Nos. 9 and 30 and 31 has been resolved and that, as to those requests,

"this issue is moot." (Filing No. 114 at CM/ECF pp. 3, 4). The court will not, therefore, address the substance of this discovery nor will the court formally order any further response. But, as always, WestGUARD is reminded of its continuing duty to supplement its discovery responses if it learns that any of its previous responses are incorrect, incomplete, or as otherwise ordered by the court. See Fed. R. Civ. P. 26(e)(1).

## II.    Request No. 10

Request No. 10 asks that WestGUARD provide ""[c]opies of the front and back of each and every check or draft paid by or on behalf of AmGUARD to Plaintiff in relation to Plaintiff's claims." (Filing No. 105 at CM/ECF p. 8).  In its opposition brief, WestGUARD asserts that in response to this request, WestGUARD's co-defendant AmGUARD Insurance Company (the entity that issued the checks) produced all records in its possession. WestGUARD supplemented its response to direct Plaintiff to that production. (Filing No. 110 at CM/ECF p. 6). That however, did not resolve the dispute, as Plaintiff maintains there are checks missing from the AmGUARD production. (Filing No. 110 at CM/ECF p. 6).

In response to Plaintiff's contention regarding the missing checks, WestGUARD argues that it "1) [does not] have copies of checks that were not cashed, and 2) [does not] make copies of checks before they are issued."[1] (Filing No. 110 at CM/ECF p. 6). In its reply brief, Plaintiff claims that they have "no reason to dispute" WestGUARD's assertion but would still like an order compelling production in the event that WestGUARD locates any documents or other records that are responsive to this request. Based on the representations of the parties, it does not appear that there is anything to compel at this point. But, as with the

---

[1] WestGUARD asserts in its briefing that AmGUARD Insurance Company, its co-defendant and subsidiary, likewise does not maintain records of checks that are not cashed. (Filing No. 110 at CM/ECF p. 6).

above, WestGUARD is reminded of its duty to timely supplement its responses should it locate additional, responsive materials. See Fed. R. Civ. P. 26(e)(1).

### III.   Request No. 18

Request No. 18 asks WestGUARD to produce ""Approved Vendor Listing(s) in effect on September 28, 2018 and utilized by the Complex Property Claims Department." (Filing No. 105 at CM/ECF p. 10). In its opposition brief, WestGUARD provides a list of vendors it believes are responsive to this request and asserts that it plans to supplement its response to include that response. Plaintiff agrees that, if WestGUARD provides the foregoing listing in a formal supplementation to its discovery responses, this issue would be resolved.  (Filing No. 114 at CM/ECF pp. 3-4). As such, it appears that WestGUARD has agreed to make the relevant production and that the only dispute remaining is _when_ that production will be made.

On September 20, 2021, WestGUARD filed a notice with the court that it had provide supplemental responses to Plaintiff's document production requests. (Filing No. 115). Presumably, the list of approved vendors referenced by WestGUARD in its briefing was included in the supplemental responses WestGUARD subsequently served. However, to the extent this supplementation has not been made, the court will order WestGUARD to provide the supplemental response within two weeks of this order.

### IV.   Request No. 34

Request for Production No. 34 seeks printouts of information contained within the Diaries, Plan of Action, and General Information tabs, along with any other tabs present in the electronic claims system and not specifically identified by

3

Plaintiff, relating to Plaintiff's claims. (Filing No. 105 at CM/ECF p. 16). In its opposition brief, WestGUARD indicates that it believes that any dispute related to Request for Production No. 34 has been resolved. (Filing No. 110 at CM/ECF p. 2).  The opposition brief, therefore, make no substantive argument related to the discoverability of the documents responsive to Request No. 34. In reply, Plaintiffs claim:

> WestGUARD and/or AmGUARD produced many of the documents responsive to said Request after Plaintiff filed the instant Motion to Compel; however, the document production remains incomplete. Print-outs of the electronic screens relating to policy numbers TIBP876132 and TIBP880809 have been produced, but it appears the equivalent print-outs for policy number TIBP992085 are missing from production. The print-outs relating to policy number TIBP992085 are responsive to Request for Production No. 34.

(Filing No. 114 at CM/ECF p. 4). Having reviewed the request, the court agrees that the information requested is relevant and discoverable and should be produced for all insurance policies under which coverage is sought and/or disputed in this lawsuit. As above, the court will set a deadline for two weeks from the issuance of this order for WestGUARD to produce responsive documents. And, it bears repeating, that WestGUARD will thereafter be under a continuing obligation to supplement its production if additional responsive documents are later located.

## CONCLUSION

It appears the parties have largely resolved this dispute. However, as explained above, in the interest of clarity and in moving this case forward, the court will set an explicit timeline by which the supplementation of discovery discussed above must occur.

Accordingly, IT IS ORDERED:

1)  Plaintiff's motion (Filing No. 104) is granted, in part, and denied as moot, in part as outlined in this order.

2)  On or before October 7, 2021, WestGUARD shall (to the extent it has not previously done so) supplement its discovery responses to comply with the court's directives within this order.

Dated this 22nd day of September, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge