IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMM GRANDVIEW, LLC, a Nebraska Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania Company; and WESTGUARD INSURANCE COMPANY, a Pennsylvania company;<br><br>Defendants. | 8:20CV197<br><br>ORDER |

Plaintiff Timm Grandview, LLC has moved for an order directing Defendant AmGUARD Insurance Company to immediately remit payment to Plaintiff's expert, Michael Averill for unpaid deposition time. (Filing No. 142). Defendant has not responded to the motion and the deadline for doing so has passed. The motion is deemed unopposed.

Based on the evidence before the court, Defendant paid an advance of $1800 to depose Mr. Averill for four hours, but the deposition lasted over ten hours. Defendant has been billed for the time exceeding the first four hours, but it has not paid the bill. Despite Plaintiff's efforts to collect on behalf of his expert, AmGuard has not yet paid the remaining amount owed for the expert's time, $2,925.

"Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to" deposition questioning conducted pursuant to Rule 26(b)(4)(A).

Fed. R. Civ. P. 26 (b)(4)(E). Defendant has provided no explanation for failing to fully pay Plaintiff's expert for his deposition time. AmGuard will be ordered to pay to Michael Averill, Plaintiff's expert, the amount of $2,925.

From the record before me, AmGuard was given substantial time and reminders to correct the nonpayment before this motion was filed. There is no substantial justification for AmGuard's failure to pay Mr. Averill's remaining bill, or to even timely respond to Plaintiff's motion for an order requiring it to do so. The court finds AmGuard must pay Plaintiff's attorney fees for filing the motion to secure payment.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion, (Filing No. 142), is granted.

2) On or before February 15, 2022, AmGuard shall pay $2,925 to Michael Averill as payment for the expert's unpaid deposition time.

3) Plaintiff's counsel is entitled reimbursement for his attorney's fees and expenses incurred in preparing his motion, (Filing No. 142), and

　　a) On or before February 18, 2022, Plaintiff shall submit to defense counsel an itemized billing statement of his fees and expenses associated with preparing and filing his motion to secure payment, (Filing No. 142);

　　b) Defense counsel shall respond to this itemization within ten days thereafter.

c) If the parties agree as to the amount to be awarded, on or before March 4, 2022, they shall file a joint stipulation for entry of an order awarding costs and fees to Plaintiff's counsel.

d) If the parties do not agree on the attorney fees and costs to be awarded, or if Defendants do not timely respond to the Plaintiff's itemization and demand, Plaintiff shall file a motion for assessment of attorney fees and costs by no later than March 11, 2022. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

e) If a motion for assessment of fees is required, the court may award Plaintiff's counsel up to an additional $500.00 to recover the cost of preparing its motion for assessment of fees.

Dated this 4th day of February, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3